Citation Nr: 1817423 
Decision Date: 03/22/18 Archive Date: 04/03/18

DOCKET NO. 13-00 255 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUES

1. Entitlement to service connection for posttraumatic stress disorder (PTSD).

2. Entitlement to service connection for dysthymia with generalized anxiety disorder.


WITNESSES AT HEARING ON APPEAL

The Veteran and his spouse


ATTORNEY FOR THE BOARD

M. D'Allaird, Associate Counsel




INTRODUCTION

The Veteran served on active duty from January 1969 to January 1973.

These matters are before the Board of Veterans' Appeals (the Board) on appeal from a December 2010 decision of the Department of Veterans Affairs (VA) Regional Office (RO) in Denver, Colorado. This appeal is now in the jurisdiction of the Muskogee, Oklahoma RO. 

In February 2018, a videoconference hearing was held before the undersigned; a transcript of the hearing is of record.


FINDINGS OF FACT

1. Based upon the Veteran's Form DD214 and his testimony during the February 2018 Board hearing, the Veteran engaged in combat while serving in Vietnam. The Veteran's statements regarding experiences in combat are presumed to be true.

2. The competent evidence of record does not support a finding that the Veteran has been diagnosed with PTSD at any time during, or prior to, the course of this appeal.

3. The Veteran was afforded a VA examination in November 2010 which recorded a diagnosis of dysthymia with generalized anxiety disorder. The examiner provided an addendum opinion in December 2010 in which he opined that the Veteran's disability "may be attributed to" decisions he made while in combat. 

4. The 2010 examination report noted that the Veteran reported feeling regret sending a new sailor on patrol so that he could rest and then that sailor was subsequently killed while on the patrol. During the February 2018 Board hearing the Veteran testified to killing numerous individuals and seeing dead bodies.

5. The Veteran also testified that his symptoms began immediately when he returned from serving in Vietnam. His wife also testified that his symptoms began when he arrived home. They both testified that his symptoms have persisted since then.

6. It is at least as likely as not that the Veteran's current dysthymia with generalized anxiety disorder is causally related to service because the psychiatric symptoms began immediately following service and have persisted since that time (see February 2018 testimony, November 2010 VA examination, and December 2010 addendum opinion).


CONCLUSIONS OF LAW

1. The criteria for service connection for PTSD have not been met. 38 U.S.C. §§ 1131, 5107 (2012); 38 C.F.R. §§ 3.102, 3.159, 3.303, 3.304, 3.307, 3.309 (2017).

2. The criteria for service connection for dysthymia with generalized anxiety disorder have been met. 38 U.S.C. §§ 1110, 5107 (2012); 38 C.F.R. §§ 3.102, 3.303 (2017).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

VA has duties to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (2012); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2017). Here, the Veteran's August 2010 claim was submitted on VA Form 21-526EZ, Application for Disability Compensation and Related Compensation Benefits, which includes notice that satisfies VA's duty to notify. The Veteran certified on Form 21-526EZ that he had received such notice.

Regarding the duty to assist, the Veteran's service treatment records (STRs) and relevant post-service treatment records have been obtained. The Veteran was afforded a VA examination in November 2010 with a clinical psychologist. The Board finds that the clinical findings and informed discussion of the Veteran's psychiatric disability in the examination is sufficient for rating purposes. See Stefl v. Nicholson, 21 Vet. App. 120, 123-24 (2007); Barr v. Nicholson, 21 Vet. App. 303, 310-11 (2007); Nieves-Rodriguez v. Peake, 22 Vet. App. 295, 299-300 (2008). 

The Board finds that the record as it stands includes adequate competent evidence to allow the Board to decide the matter of service connection, and that no further development of the evidentiary record in this matter is necessary. See generally 38 C.F.R. § 3.159(c)(4). The Veteran has not identified any pertinent evidence that remains outstanding. VA's duty to assist is met. Accordingly, the Board will address the merits of the claims.

Legal Criteria

The Board has reviewed all of the evidence with an emphasis on that relevant to this appeal. Although the Board has an obligation to provide reasons and bases supporting its decision, there is no need to discuss, in detail, every piece of evidence. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). Hence, the Board will summarize the relevant evidence, as appropriate, and the analysis will focus specifically on what the evidence shows, or does not show, as to the claims.
 
Service connection may be granted for a disability due to a disease or injury incurred in or aggravated by active military service. 38 U.S.C. § 1110; 38 C.F.R. §§ 3.303, 3.304. To substantiate a claim of service connection, there must be evidence of: (1) a present disability; (2) incurrence or aggravation of a disease or injury in service; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service. Shedden v. Principi, 381 F.3d 1163, 1166-67 (Fed. Cir. 2004). The determination as to whether these requirements are met is based on an analysis of all the evidence of record and an evaluation of its credibility and probative value. Baldwin v. West, 13 Vet. App. 1 (1999); 38 C.F.R. § 3.303(a). 

Service connection for PTSD requires a medical diagnosis that conforms to the Diagnostic and Statistical Manual, Fifth Edition (DSM-V); a causal link, established by medical evidence, between current symptoms and an in-service stressor; and credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304(f). There are several avenues to establish that an in-service stressor occurred (in addition to the option of obtaining verification from the Joint Services Records Research Center (JSRRC) or other government records repository): an in-service PTSD diagnosis with lay testimony; combat service with lay testimony; prisoner of war status with lay testimony; or a stressor related to Veteran's fear of hostile military or terrorist activity, with appropriate medical evidence. 38 C.F.R. § 3.304(f). 

The determination as to whether these requirements are met is based on an analysis of all the evidence of record and an evaluation of its credibility and probative value. Baldwin v. West, 13 Vet. App. 1 (1999); 38 C.F.R. § 3.303(a).

In the absence of proof of a current disability, there is no valid claim of service connection. Brammer v. Derwinski, 3 Vet. App. 223, 225 (1992). The requirement that a current disability be present is satisfied when a claimant has a disability at the time a claim for VA disability compensation is filed OR at any time during the pendency of that claim. See McClain v. Nicholson, 21 Vet. App. 319 (2007). In addition, "when the record contains a recent diagnosis of a disability prior to a Veteran filing a claim for benefits based on that disability, the report of diagnosis is relevant evidence that the Board must address in determining whether a current disability existed at the time the claim was filed or during its pendency." Romanowsky v. Shinseki, 26 Vet. App. 289, 294 (2013).

When there is an approximate balance of positive and negative evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102. When all of the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the Veteran prevailing in either event, or whether a fair preponderance of the evidence is against the claim, in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49, 55 (1990).



Factual Background

The Veteran was afforded a VA examination in November 2010. The examiner conducted an in-person examination, and reviewed the Veteran's social and medical history. The examiner stated that his "impression was that this vet had ways of coping with a high level of potentially traumatic experiences in a way that spared him from a clinical level of PTSD. The examiner found that the Veteran did not have a diagnosis of PTSD and instead diagnosed him with dysthymia and anxiety. 

VA treatment records dated in May 2010 reflect a negative screening for PTSD.

VA treatment records dated from May to November 2011 note diagnoses of PTSD by a licensed social worker. 

The Veteran's service treatment records (STRs) and VA treatment records are otherwise silent for a PTSD diagnosis.

Analysis

The threshold question is whether the Veteran has currently diagnosed PTSD. Brammer v. Derwinski, 3 Vet. App. 223 (1992); 38 C.F.R. § 3.304(f). The Veteran has stated that he has PTSD. Although lay persons are qualified to report observable symptoms, the actual diagnosis and cause of PTSD are complex medical questions requiring medical expertise. The evidence does not indicate that the Veteran has the education or professional training and experience of a mental health profession. Therefore, his statements are not qualified evidence when it comes to diagnosing the presence of PTSD. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

Furthermore, although the Veteran has diagnoses of PTSD in his VA treatment records, they were entered by a VA social worker. When the Veteran was seen by a VA contracted clinical psychologist, he did not diagnose the Veteran with PTSD and instead diagnosed him with dysthymia with generalized anxiety disorder. Thus, the Board does not find that the Veteran has a confirmed diagnosis of PTSD. See 38 C.F.R. § 3.304(f). The Board accords more probative value to the clinical psychologist's decision not to diagnose PTSD than a social worker, who has less training than the clinical psychologist. An opinion may be reduced in probative value even where the statement comes from someone with medical training - or, in this case, training as a licensed social worker, if the medical issue requires special knowledge. See Black v. Brown, 10 Vet. App. 279 (1997); Guerrieri v. Brown, 4 Vet. App. 467 (1993).

Because there is no evidence of currently diagnosed PTSD, there can be no valid claim. See Brammer v. Derwinski, 3 Vet. App. 223 (1992). Accordingly, the benefit of the doubt doctrine does not apply; the appeal in this matter must be denied.


ORDER

Entitlement to service connection for PTSD is denied.

Entitlement to service connection for dysthymia with generalized anxiety disorder is granted.




____________________________________________
VICTORIA MOSHIASHWILI
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs